The ECOLOGY CENTER, INC., a Montana non-profit corporation, and Alliance for the Wild Rockies, Plaintiffs,

v.

John D. GORMAN, in his official capacity as Forest Supervisor of the Lewis and Clark National Forest, United States Forest Service, an agency of the Department of Agriculture, and United States Fish & Wildlife Service, an agency of the Department of the Interior, Defendants.

No. CV–94–54–GF.

United States District Court,
D. Montana,
Great Falls Division.

June 9, 1995.

**204**

Jack R. Tuholske, Tuholske Law Office, Missoula, MT, for plaintiffs.

Joseph Perella, U.S. Department of Justice—Wildlife & Marine Resources, Washington, DC, Allison Rumsey, General Litigation Section, U.S. Department of Justice, Washington, DC, for defendants.

## MEMORANDUM AND ORDER

HATFIELD, Chief Judge.

Plaintiffs, The Ecology Center, Inc. and Alliance for the Wild Rockies, instituted the above-entitled action challenging the United States Forest Service's decision to renew a grazing permit in the Little Badger Allotment of the Lewis and Clark National Forest. Plaintiffs contend the Forest Service's decision is violative of the Endangered Species Act, 16 U.S.C. §§ 1536 *et seq.*, the National Environmental Policy Act, 42 U.S.C. §§ 4321 *et seq.*, and the National Forest Management Act, 16 U.S.C. §§ 1600 *et seq.* Presently before the court is defendants' motion requesting the court to enter a protective order, pursuant to Fed.R.Civ.P. 26(c), prohibiting the plaintiffs from undertaking discovery in the above-entitled matter. Having reviewed the record herein, together with the parties' briefs in support of their respective positions, the court is prepared to rule.

## DISCUSSION

The focal point for judicial review of agency action is the administrative record already in existence, not a new record made initially in the reviewing court. *Seattle Audubon Society v. Moseley,* 798 F.Supp. 1473, 1477 (W.D.Wash.1992), *citing, Asarco, Inc. v. EPA,* 616 F.2d 1153, 1159 (9th Cir.1980). The court may, however, consider evidence outside the administrative record for certain limited purposes, *e.g.,* to explain the agency's action or to determine whether its course of inquiry was insufficient or inadequate. *Id., citing, Love v. Thomas,* 858 F.2d 1347, 1356 (9th Cir.1988), *cert. denied,* 490 U.S. 1035, 109 S.Ct. 1932, 104 L.Ed.2d 403 (1989); *Animal Defense Council v. Hodel,* 840 F.2d 1432, 1436 (9th Cir.1988). In addition, a court, in certain instances, may require supplementation of the record or allow a party challenging agency action to engage in limited discovery. *National Wildlife Federation v. Burford,* 677 F.Supp. 1445, 1457 (D.Mont.1985).

> Supplementation of an administrative record is the exception, not the rule. *See, San Luis Obispo Mothers for Peace v. Nuclear Regulatory Commission.,* 751 F.2d 1287, 1324 (D.C.Cir.1984). In *Public Power Council v. Johnson,* 674 F.2d 791 (9th Cir.1982), the Ninth Circuit isolated four circumstances where supplementation or discovery may be justified: (1) when the record need be expanded to explain agency action; (2) when the agency has relied upon documents or materials not included in the record; (3) to explain or clarify technical matter involved in the agency action; and (4) where there has been a strong showing in support of a claim of bad faith or improper behavior on the part of the agency decision makers.

*Id.* See also, *Animal Lovers Volunteer Association, Inc. v. Cheney,* 795 F.Supp. 994, 997 (C.D.Cal.1992) (citations omitted).

In the case *sub judice,* plaintiffs seek to depose Keith Aune, a biologist with the Montana Department of Fish Wildlife and Parks, and Seth Diamond, a biologist with the United States Forest Service. Plaintiffs contend the limited discovery will provide the court with a better understanding of the issues raised in the above-entitled action.

Having reviewed the record herein, the court concludes the present action falls within the exceptions to the general rule limiting review of agency action to the administrative record. In so holding, the court remains cognizant of the fact that the weight to be given to the testimony and evidence elicited during the course of the proposed depositions remains subject to the court's discretion. Allowing the limited discovery requested by the plaintiffs would not, in this matter, impermissibly alter the action from a record review to a trial *de novo*. Accordingly, the court concludes defendants' motion for a protective order be, and the same hereby is, DENIED.

IT IS SO ORDERED.